**ORDERED ACCORDINGLY.**



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZ

Dated: December 10, 2010

**GEORGE B. NIELSEN, JR**
**U. S. Bankruptcy Judge**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| ERIC C. HENNINGSEN | ) | Bankruptcy Case No.: 2:10-bk-02812-GBN |
| | ) | |
| Debtor | ) | |

### ORDER GRANTING UNITED STATES TRUSTEE'S
### MOTION FOR ENTRY OF ORDER AUTHORIZING THE EXAMINATION OF AND
### REQUIRING THE PRODUCTION OF DOCUMENTS BY WELLS FARGO BANK, N.A.
### PURSUANT TO FED. R. BANKR. P. 2004 AND 9016

The United States Trustee having filed a motion seeking authority for issuance of a subpoena *duces tecum* compelling Wells Fargo Bank, N.A. to produce certain documents and to submit a designated representative to an examination pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, and the court having found sufficient cause to grant the requested relief, it is:

ORDERED that the United States Trustee' Motion for Entry of Order Authorizing the Examination of and Requiring the Production of Documents by Wells Fargo Bank, N.A. pursuant to Fed. R. Bankr. P. 2004 and 9016 is hereby GRANTED; and it is

FURTHER ORDERED that the United States Trustee is authorized to issue a subpoena compelling:

(a)     Wells Fargo Bank, N.A. to produce and permit inspection and copying of those documents identified in Exhibit A attached hereto, upon not less than 10 days notice; and

(b)     Compelling Wells Fargo Bank, N.A. to appear for an examination, to be recorded verbatim by stenographic means, through one or more duly authorized representatives most familiar with the documents identified in Exhibit A, to give

testimony under oath regarding the categories of documents and testimony

identified in Exhibits A, upon not less than 20 days' notice.

DATED AND SIGNED ABOVE.

Presented by:

ILENE J. LASHINSKY

United States Trustee
Region 14

/s/ EKB (024174)
By:
Edward K. Bernatavicius
Trial Attorney, UST.

# EXHIBIT A

## INSTRUCTIONS

A.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

B.    Any defined term with or without capitalization or quotation marks used herein shall be regarded as a defined term for purposes of Exhibit A.

C.    Each of the requests in Exhibit A is for Documents in Your possession, custody or control whether or not prepared, authored, or executed by You.

D.    Each Document is to be produced as it is kept in the usual course of business and shall be organized and labeled to correspond with each paragraph in Exhibit A, below.

E.    Do not produce privileged Documents.   Instead, if any Documents are withheld under a claim of privilege, furnish a list describing each document for which privilege is claimed, together with the following information:

    1.    Author and job title;
    2.    Name and job title of each recipient and person to whom a copy was furnished;
    3.    Date of the Document;
    4.    Basis on which privilege is claimed; and
    5.    The specific request under Exhibit A to which each such document is responsive.

F.    If any Document has been destroyed, discarded, or is otherwise no longer in existence please state:

    1.    Author;
    2.    Date of the Document;
    3.    Subject matter of the Document;
    4.    The date it was destroyed, discarded, or discovered to no longer to be in existence; and
    5.    The reason it was destroyed, discarded, or is no longer in existence.

G.    You should supplement or amend your responses to these requests if additional Documents covered hereby are obtained or discovered.

H.    Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

I.    In producing Documents You are requested to produce the original of each Document requested together with all nonidentical copies and drafts of that Document.

## DEFINITIONS

**"Debtor/s"** means and refers to the debtor, Eric C. Henningsen in Chapter 13 Case No. 2:10-bk-00382-GBN

**"Document" or "Documents"** means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs, charts, photographs, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original. The term **"Document" or "Documents"** includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, Communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employees' review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheet or things similar to any of the foregoing however denominated. The term **"Document" or "Documents"** further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a documents if the person has a right to secure the document or a copy thereof.

**"And"** and **"or"** as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

**"Any"** means one or more.

**"Describe," "discuss," "analyze," "describing," "discussion,"** or **"analyzing,"** mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

**"Person"** means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

**"Relate to"** and **"relating to"** mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus,

documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

**"You"** or **"Your"** mean Wells Fargo Bank and Wells Fargo Bank's officers, employees, agents, representatives, accountants, attorneys and/or other representatives, as well as any and all other Persons acting directly or indirectly on Wells Fargo Bank's behalf.

**"Year"** means calendar year.

## DOCUMENT REQUESTS

1. All documents, books, papers and records of (i) Wells Fargo Bank, N.A., reviewed, referenced or otherwise relied on to prepare the Motion for Relief from Stay filed on January 25, 2010 and November 12, 2010 ("MFRs") regarding property located at 10925 W. Almeria Road, Avondale, AZ 85323 and Exhibits in the above referenced case.

2. Copies of all correspondence to and from any person (including but not limited to the Debtor/borrower, any authorized agent, or any third party) in possession of Wells Fargo Bank, N.A. regarding the loan referenced in the MFRs.

3. Copies of any and all documents, notes, correspondence, electronic transmissions or other items, in possession of Wells Fargo Bank that were provided to Debtor regarding a loan modification on the property located at 10925 W. Almeria Road, Avondale, AZ 85323.

4. Copies of any and all documents or other items, in possession of Wells Fargo Bank that indicate that Wells Fargo Bank provided notice to Debtor regarding delinquent payments, fees and costs. The documents should include, but are not limited to, premium notices; invoices; calculations utilized to determine the full amount of delinquent payments, demand fees and property inspection fees.

5. All documents supporting the computation of the amount reflected in the demand fee of $400.00 contained in the November 12, 2010 Motion for Stay Relief.

6. Copies of any and all correspondence, including electronic email transmissions between representatives of Wells Fargo Bank and the Debtor, regarding any demand fee charged to Debtor for the property located at 10925 W. Almeria Road, Avondale, AZ 85323.